**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EARLINE COLE, as an individual and as
personal representative of the Estate of
Steven Bearcrane; CLETUS COLE, as an
individual and as personal representative
of the Estate of Steven Bearcrane;
VERONICA SPRINGFIELD, as an
individual and as personal representative
of the Estate of Robert Springfield; P. B.,
minor child; V. S., minor child,

          Plaintiffs - Appellees,

  v.

MATTHEW ORAVEC, in his individual
capacity,

          Defendant - Appellant.

No. 10-35710

D.C. No. 1:09-cv-00021-RFC-
CSO

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, Chief District Judge, Presiding

Argued and Submitted August 4, 2011
Seattle, Washington

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Before: SCHROEDER and M. SMITH, Circuit Judges, and BENITEZ, District Judge.[**]

Defendant-Appellant Matthew Oravec, an agent with the Federal Bureau of Investigation, appeals from the district court's denial of his qualified immunity motion in this *Bivens* action[1] brought on behalf of two deceased Native American men. The Appellees are relatives of the two deceased men – Steven Bearcrane and Robert Springfield. The Appellees allege that Oravec violated their right to equal protection when he failed to conduct a sufficiently thorough investigation of the two deaths out of an alleged animus toward Native Americans.

To state a violation of equal protection, the Appellees must demonstrate both differential treatment and discriminatory motive. *Wayte v. United States*, 470 U.S. 598, 608-09 (1985) (citations omitted). Reviewing de novo, *see Dunn v. Castro*, 621 F.3d 1196, 1198 (9th Cir. 2010), we conclude the district court properly denied qualified immunity because the amended complaint states a valid claim against Oravec with regard to the investigation into Steven Bearcrane's death. However, because the allegations made on deceased Robert Springfield's behalf are not

---

[**] The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

[1] *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

sufficient, we reverse that portion of the court's decision and remand with leave to amend.

1.  The amended complaint sufficiently alleges differential treatment with regard to the Bearcrane investigation. It alleges that contrary to standard procedures, agent Oravec provided Bearcrane's family with less investigatory services than he would have provided to a non-Native American victim's family. These allegations, viewed together with the non-conclusory allegations regarding the poor provision of law enforcement services to Native Americans on the reservations, allow the court "to draw the reasonable inference" that agent Oravec conducted the Bearcrane investigation differently than he would have conducted an investigation of a similarly situated non-Native American victim. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

The amended complaint also sufficiently alleges discriminatory motive. It alleges that despite the fact that Bearcrane's death was ruled a homicide, the non-Native American man admitted to shooting Bearcrane, and there was evidence negating the claim of self-defense, Oravec failed to properly investigate the case. Moreover, it alleges that Oravec consistently closed cases involving Indian victims without adequate investigation, and that he has been heard to make improper remarks about female Native American victims of sexual assault. Viewed together,

these allegations "plausibly suggest" the differential treatment was due to the fact that Bearcrane was a Native American and his killer was not, and that agent Oravec acted with an animus toward Native Americans when he conducted the allegedly poor investigation into Bearcrane's death. *See Iqbal*, 129 S. Ct. at 1951; *see also Elliot-Park v. Manglona*, 592 F.3d 1003, 1006-07 (9th Cir. 2010).

2.      On the other hand, the amended complaint does not contain sufficient non-conclusory allegations of differential treatment as to the Springfield investigation. There are no allegations that Oravec conducted the Springfield investigation any differently than he would have conducted any other investigation. Even viewed together with the allegations of differential treatment of Native Americans in general, the allegations as to the Springfield investigation are "merely consistent with" Oravec's liability, and therefore "stop[] short of the line between possibility and plausibility of entitlement to relief." *See Iqbal*, 129 S. Ct. at 1949 (citation and internal quotation marks omitted).

3.      The Appellees seek leave to amend if any part of their complaint against Oravec is dismissed. The court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Here, the allegations "strongly suggest" the complaint can be saved by amendment. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990) (as amended). We therefore remand to allow the

Appellees leave to amend their complaint with regard to the Springfield investigation.

Each party shall bear its own costs on appeal.

**AFFIRMED in part; REVERSED in part; and REMANDED.**